In the Matter of Max Karlin et al., Petitioners. United Paramount Theatres, Inc., Respondent.

Supreme Court, Special Term, New York County, December 12, 1951.

*Cyrus R. Vance* for respondent.

*Arthur J. Brothers* and *Arthur J. Sleppin,* in person, for Arthur J. Sleppin, petitioner.

McNALLY, J. Motion by the respondent to vacate and set aside subpœna duces tecum dated November 27, 1951, is granted. This proceeding is one to appraise the value of petitioners' stock pursuant to section 21 of the Stock Corporation Law, and is consequent upon a merger of American Broadcasting Company, Inc., into United Paramount Theatres, Inc., approved at a special meeting of stockholders of the latter corporation held on July 27, 1951. The valuation of petitioners' stock is required to be made as of the close of business on July 26, 1951 (Stock Corporation Law, § 21, subd. 4).

The subpœna duces tecum here involved requires the production of records relating to (1) the respondent's assets, the dispositions made thereof and the income therefrom for the period between January 1, 1949, and July 28, 1951; (2) the number of shares of the respondent subject to the terms of a consent decree in an antitrust suit against it directing the impounding of dividends of stockholders so long as they own shares of stock in both the theatre (the respondent) and picture companies required to be formed by the decree and the number of such shares released from said decree provisions; (3) the options issued for the purchase of shares of stock of the respondent; and (4) the number of shares of common stock transferred on the books of the respondent during each of the sixty days preceding July 28, 1951.

On July 27, 1951, when the merger was approved, there were outstanding 3,261,371 shares of common stock, of which 2,543,-180 shares voted on the proposal, 2,519,290 being cast in favor of the merger and 23,890 being cast against it. The petitioners herein own 850 shares of common stock.

The respondent commenced business on January 1, 1950. Since January 2, 1950, the respondent's common stock has been listed on the New York Stock Exchange. Prior to July 27, 1951, the exchange trading in common stock was daily not less than 2,400 shares from and including July 23, 1951, and weekly not

less than 7,200 shares for the period from April 28, 1951, to July 20, 1951, and not less than 214,500 shares for the quarters preceding April 28, 1951. During those periods the price of the stock ranged from a low of 15⅛ to a high of 24. On July 26, 1951, the low was 18⅞ and the high was 19. It appears that the market was of sufficient breadth to reflect the opinion of those interested in buying and selling the respondent's common stock.

The avowed purpose of the petitioners in requiring the respondent to produce records relating to its assets is to establish the actual value of the respondent's assets. The petitioners advert to sales of assets by the respondent during 1950 at twice their book value in some instances, and in other instances at from ten to twelve times the book value, and the petitioners propose to adduce before the appraiser evidence of other dispositions of the respondent's assets and evidence of the value on July 26, 1951, of respondent's then assets thereby showing a wide disparity between such values and the book values. The book values of the respondent's fixed assets represent their cost to the respondent or its predecessor company in accordance with recognized accounting practice. The sales and dispositions of the respondent's assets adverted to by the petitioners are a matter of record and were the subject of statements and reports issued by the respondent and transmitted by it to its shareholders and to many financial institutions, publications and security firms. So far as appears, therefore, all the relevant facts pertaining to the value of the respondent's common stock were available to sources commonly availed of by those who buy and sell such securities and such knowledge presumably is reflected in the quoted prices for the respondent's common stock.

*Matter of Marcus (Macy & Co.)* (273 App. Div. 725, 277 App. Div. 963) affirmed by the Court of Appeals, December 6, 1951 (303 N. Y. 711) and *Matter of Deutschmann (American Tel. & Tel. Co.)* (N. Y. L. J., May 15, 1951, p. 1784, col. 5) affirmed by the Appellate Division, First Department (279 App. Div. 642), affirm that an appraisal such as this is concerned with the value of the stock and not the value of the underlying assets and that absent an infirm market or the publication of false financial information or the withholding of pertinent financial information, an appraisal of the assets of the company involved is unwarranted. The petitioners argue that the market for respondent's stock was subject to a depressive influence by reason of the provision in the decree in the antitrust suit against the respondent requiring the impounding of dividends in respect

of shares of stockholders holding shares in the respondent and in the producing company and also by reason of the existence of certain outstanding options to purchase the respondent's share. Assuming *arguendo* those factors did depress and inhibit the market, in the absence of a demonstration that they were improvised by the respondent for the purpose of depressing the value of its common stock, they are nevertheless required to be given effect in determining the value of the respondent's common stock. All material factors favorable or unfavorable, are required to be considered on the appraisal. No useful purpose therefore would be served in attempting to ascertain the extent to which the value of the common stock was affected adversely by the factors alluded to by the petitioners.

The petitioners have failed to assign any grounds for adducing evidence relating to the shares of stock transferred on the respondent's books during the sixty days preceding July 28, 1951, and the court is of the opinion that such evidence is irrelevant on the issue here involved.

For the purpose of an adequate and fair appraisal it would appear sufficient to submit an approximation by amount or percentage by which the current value of the fixed assets of the respondent exceed their book value. (*Matter of Marcus [Macy & Co.*], 273 App. Div. 725, 731, *supra*.) This determination is without prejudice to the right and power of the appraiser to require pertinent evidence in aid of his appraisal. Settle order.